**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION.**

**J. CRAIG MEDLIN,** Plaintiff,

v.

**VENTEC, INC. EMPLOYEE STOCK OWNERSHIP PLAN (Plan #001); and MICHAEL LAVESPERE, in his capacity as Plan Administrator,** Defendants.

RCVD – USDC COLA SC
MAR 17 '26 PM 12:08

**Case No.:** _____ *(To be assigned by Clerk)*

## COMPLAINT FOR STATUTORY PENALTIES, RECOVERY OF PLAN BENEFITS, AND BREACH OF FIDUCIARY DUTY UNDER ERISA

Plaintiff J. Craig Medlin, representing himself *pro se*, alleges the following against Defendants Ventec, Inc. Employee Stock Ownership Plan and Michael Lavespere:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, as this action involves claims for statutory penalties, recovery of benefits, and breach of fiduciary duty under ERISA.

2. Venue is proper in the District of South Carolina pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this District, the breaches of fiduciary duty took place in this District, and the Defendant Administrator resides or may be found in this District.

**II. PARTIES** 3. Plaintiff J. Craig Medlin is an adult resident of South Carolina/Florence County and a vested participant in the Ventec, Inc. Employee Stock Ownership Plan. 4. Defendant Ventec, Inc. Employee Stock Ownership Plan (the "Plan") is an employee benefit plan established and maintained under ERISA, identified as Plan #001. 5. Defendant Michael Lavespere is the designated Plan Administrator and a named fiduciary of the Plan, operating within Florence County, South Carolina.

**III. FACTUAL ALLEGATIONS The Pre-Breach Phase & Systemic Failure 6. On February 1, 2008, Plaintiff began participation in the Plan. 7. On January 31, 2010, Plaintiff received his last verified Participant Account Statement, reflecting a balance of $10,225.60, fully 100% vested. 8. From 2011 through 2022, Defendant Lavespere engaged in a systemic reporting blackout. No annual statements or mandatory disclosures were provided to Plaintiff, establishing a pre-existing pattern of non-compliance. 9. On May 31, 2022, Plaintiff voluntarily separated from employment with Ventec, Inc.**

The Initial Breach 10. On March 29, 2023, Plaintiff submitted a formal written request to Defendant Lavespere for the distribution of his vested benefits, requesting the current account valuation and the election forms required to process the distribution. 11. On April 5, 2023, Defendant Lavespere acknowledged the request via email, stating: "Craig, I've received your request. I'll be forwarding the forms you will need to fill out to get this process started... shortly." 12. Defendant Lavespere completely failed to fulfill this fiduciary promise. The statutory 30-day deadline for mandatory disclosure expired on April 29, 2023.

The Failed Legal Demand Phase 13. On July 22, 2024, Plaintiff, through prior counsel (Finklea Law), served a formal legal demand letter upon Defendant Lavespere, citing the 10-year blackout and demanding action. 14. On August 13, 2024, Defendant Lavespere emailed counsel stating he was "pulling together documentation." Following this communication, Defendant Lavespere engaged in total stonewalling, providing no documentation or valuations.

IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FUTILITY 16. Plaintiff has fully satisfied, or is otherwise legally excused from, any requirement to exhaust internal administrative remedies under the Plan and ERISA. 17. Pursuant to 29 C.F.R. § 2560.503-1(l), because Defendant Lavespere has failed to establish or follow reasonable claims procedures and has instead engaged in a documented pattern of unresponsiveness and delay since the April 5, 2023 acknowledgment, Plaintiff is deemed to have exhausted all administrative remedies. 18. Furthermore, given the Administrator's systemic reporting blackout and established history of obstructing participant distributions, any further attempt by Plaintiff to pursue internal administrative appeals would be entirely futile.

V. CAUSES OF ACTION Count I: Claim for Statutory Penalties (29 U.S.C. § 1132(c)(1)) 19. Defendant Lavespere failed to comply with a participant's request for information within 30 days. Plaintiff is entitled to statutory penalties of up to $110 per day, calculating from April 29, 2023, until the date the requested documents are provided.

Count II: Recovery of Plan Benefits (29 U.S.C. § 1132(a)(1)(B)) 20. Plaintiff is entitled to recover the full value of his 100% vested account balance under the terms of the Plan.

Count III: Breach of Fiduciary Duty (29 U.S.C. § 1109 and § 1132(a)(3)) 21. Defendant Lavespere breached his fiduciary duties of prudence and loyalty by abandoning plan administration, withholding mandatory disclosures, and obstructing Plaintiff's lawful distribution.

VI. PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully requests that this Court: A. Enter judgment in favor of Plaintiff and against Defendants; B. Assess statutory penalties

against Defendant Lavespere in his personal capacity of up to $110 per day from April 29, 2023; C. Order the immediate valuation and full payout of Plaintiff's vested Plan benefits; D. Award Plaintiff his costs and equitable relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

Date: March _17___, 2026

**J. Craig Medlin** *3709 Beckford Street Florence, SC 29501 843-206-1580*
*craig@jcmedlin.com Plaintiff, Pro Se*